**Frank DANIELS, Plaintiff,**

v.

**PIPEFITTERS' ASSOCIATION LOCAL UNION NO. 597, Defendant.**

No. 84 C 5224.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 8, 1997.

Robin B. Potter, Potter and Schaffner, Chicago, IL, John Ladell Stainthorp, People's Law Offices, Chicago, IL, Carl K. Turpin, Law Offices of Carl K. Turpin, Chicago, IL, Ayesha S. Hakeem, Law Offices of Ayesha S. Hakeem and Associates, Chicago, IL, for Plaintiff.

Steven B. Varick, McBride, Baker & Coles, Chicago, IL, Thomas M. Durkin, Charles F. Regan, Mayer, Brown & Platt, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is plaintiff Frank Daniels' motion for reassignment based on relatedness. For the reasons that follow, the court denies the motion for reassignment.

## I. BACKGROUND

### A. 1984 lawsuit

Daniels filed his lawsuit in 1984. The case originally was assigned to Judge Milton Shadur, and in 1987 was reassigned to this court. At trial in 1988, Daniels convinced the court and jury that Local 597 of the Pipefitters' Association ("the union") had engaged in decades of pervasive and egregious discrimination against black pipefitters in the union's job referral system. In 1990, the court entered judgment on the damages issue, directed the union to reinstate Daniels as a member, and appointed former Chief Judge Frank McGarr as a special master to consider further equitable relief. The Seventh Circuit affirmed the court's judgment as to damages and order to reinstate Daniels. *Daniels v. Pipefitters' Ass'n Local Union No. 597,* 945 F.2d 906 (7th Cir.1991), *cert. denied,* 503 U.S. 951, 112 S.Ct. 1514, 117 L.Ed.2d 651 (1992). In 1991, the court denied the union's motion for a new trial pursuant to Federal Rule of Civil Procedure 60(b)(2). The Seventh Circuit again affirmed the court's decision. *Daniels v. Pipefitters' Ass'n Local Union No. 597,* 983 F.2d 800 (7th Cir.1993).

In 1992, the parties entered into an agreement, embodied in a consent decree and an amendment to the collective bargaining agreement, that created a hiring hall with a sequential job assignment system designed to combat discrimination in job referrals. The court appointed William Clancy as a hiring hall monitor to supervise the system and file monthly reports with the court. The court allowed the consent decree to remain in effect until April 1996, at which time the court terminated the decree after the monitor reported that the hiring hall was working smoothly and that the pattern of discrimination had ended.

However, according to Daniels and the special master, the discrimination against Daniels individually continued even after trial. In June 1993, the special master issued a report stating that the union's agents continued to deny Daniels job referrals and recommending a supplemental award of damages. In December 1993, the court adopted the special master's report. More than two years later, in 1996, the special master in-

formed the court that he was not able to bring the parties to an agreement on the additional compensation for the union's refusal to employ him between 1988 and 1993. The special master recommended a hearing on the issue of additional compensation.

Upon reconsideration of the matter, the court disagreed with the special master's recommendation. The court decided that to order the union to pay Daniels supplemental damages in addition to the original jury award would have the effect of entering a second judgment against the union without the benefit of a trial. The court suggested that if the parties could not agree on additional compensation for Daniels, Daniels would have to file a second lawsuit.

Daniels appealed the court's order. The Seventh Circuit disagreed with the court that it could not award supplemental damages to Daniels. The Seventh Circuit found that final judgment was not entered in the case until April 22, 1996, and that the court could award additional compensation to Daniels for discrimination that occurred from the time of trial in 1988 to the time of final judgment in April 1996. Accordingly, the court remanded the case to this court so that this court could bring Daniel's compensation current through the date of final judgment. However, the court of appeals affirmed this court's order terminating the consent decree. *See Daniels v. Pipe Fitters Ass'n, Local Union 597, U.S.A.*, 113 F.3d 685 (1997).

### B. *1995 lawsuit*

Almost two years prior to this court's order discharging the special master, ending the consent decree, and dismissing Daniel's case, Daniels filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). In his charge, Daniels alleged that the union had denied him adequate representation as recently as July 5, 1994. Daniels also alleged that he believed that he had been retaliated against in violation of Title VII because the union had not given him adequate representation.

After receiving a right-to-sue letter from the EEOC, Daniels timely filed another lawsuit, which was randomly assigned to another judge in this judicial district. In that law-suit, Daniels alleged that on July 5, 1994, the union allowed Daniels to be placed on a "blacklist" of persons to be rejected for employment at U.S. Steel for Petroleum Piping, Inc. It appears that Petroleum Piping, Inc., refused to use Daniels on a job, even though the union had referred him for the job. According to Daniels' complaint, Daniels immediately complained to the hiring hall monitor appointed by this court, but the monitor told Daniels that Daniels' complaint was outside the scope of his authority. Daniels then attempted to contact the union's assistant business manager about his complaint, but the assistant business manager was not available. Daniels also requested from the union a copy of the Notice of Rejection of Referral by Petroleum Piping, Inc., but was told that the union could not comply with his request. Finally, Daniels claims that he was denied two hours' show-up pay, to which he was entitled under the collective bargaining agreement.

Now that the 1995 lawsuit has been pending for more than a year and a half before another judge, Daniels claims that the 1995 case is related to the 1984 case, and asks this court to accept reassignment of the 1995 case to this court based on relatedness pursuant to Rule 2.31 of the Rules of the United States District Court for the Northern District of Illinois (Local "Rule 2.31").

## II. *DISCUSSION*

Local Rule 2.31 defines "relatedness" and sets forth the conditions under which related cases may be reassigned. Two cases will be considered related if "(1) the cases involve the same property; (2) the cases involve the same issues of fact or law; [or] (3) the cases grow out of the same transaction or occurrence...." Local Rule 2.31(A).

Related cases may be reassigned only if certain conditions are met. To prevail on a motion for reassignment based on relatedness, the movant must show that: (1) both cases are pending in the Northern District of Illinois; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point

where designating a later filed case as related would be likely to delay substantially the proceedings in the earlier case; and (4) the cases are susceptible of disposition in a single proceeding. Local Rule 2.31(B).

Moreover, a motion for reassignment based on relatedness must "set forth the points of commonality of the cases in sufficient detail to indicate that the cases are related within the meaning of [Local Rule 2.31(A)] and ... indicate the extent to which the conditions required by [Local Rule 2.31(B)] will be met if the cases are found to be related." Local Rule 2.31(C).

■ The union contends that Daniels' conclusory allegations are insufficient to satisfy Local Rule 2.31(C). The court agrees. In his motion for reassignment, Daniels merely reiterates the legal standards contained in Local Rule 2.31. He wholly neglects to mention any of the facts involved in either case or propound any explanation of why his two cases should be considered related and how the cases satisfy the conditions of Local Rule 2.31(B). Under Local Rule 2.31(C), the court could deny Daniels' motion for reassignment for this reason alone.

However, the court also finds that Daniels' motion fails on its merits. The two cases are not related, and even if they were, Daniels has not shown that each of the four conditions of Rule 2.31(B) is met.

■ For the 1984 and 1995 cases to be related, they must involve the same issues of fact or law, or grow out of the same transaction or occurrence. They do neither. The 1984 case was based on' a decades-long pattern of pervasive discrimination against blacks, including Daniels, in the job referral system used by the union. In contrast, the 1995 case is based on a singular incident that occurred on July 5, 1994, when a contractor rejected Daniels for a job to which the union had referred him. Thus, the job referral systems that was the focus of the first case is not even at issue in the second case.

Furthermore, the only matter now at issue in the 1984 case is whether or how to bring Daniels' compensation current through the date of his final judgment, based on Daniels'

allegation that the union has flouted the consent decree and other orders entered in the 1984 case. The issues involved in the 1995 trial necessarily involve, first, whether the union wronged Daniels by not preventing a contractor from rejecting the union's referral of Daniels, and second, what damages, if any, Daniels suffered by the rejection. Thus, the two cases involve decidedly different legal issues.

In short, the 1984 case arose out of the union's discrimination in referring Daniels to jobs, and currently involves only the limited issue of making Daniels' compensation current through April 1996. The 1995 case arose out of the union's alleged failure to prevent a contractor from rejecting Daniels despite the union's referral, and likely will involve numerous questions of fact and law yet to be decided regarding that one incident. Thus, the two cases present distinctly different factual and legal questions, and are not related.

■ Moreover, because of the difference in the factual and legal backdrops of the two cases, as well as the stage of litigation to which each case has progressed, Daniels cannot meet three of the four conditions of Local Rule 2.31(B).[1] The trial of the 1984 case resolved the issue of the liability of the union. That is, the court and jury found that for decades the union had discriminated against its black members when referring pipefitters to jobs. The remedy devised by the parties and special master and approved by the court created the hiring hall and sequential job assignment system. The only issue before this court now, after the Seventh Circuit's most recent decision, is whether Daniels is entitled to additional damages because the union continued to refuse to refer Daniels to jobs, in contravention of the court's orders and consent decree entered into by the parties.

The primary issue in the 1995 case is one of liability—did the union violate Daniels' rights by not preventing the contractor from refusing to hire Daniels after the union referred Daniels for the job? That issue will have to be litigated fully before any question

---

1. Both cases are pending in the Northern District of Illinois, which satisfies the first condition of Local Rule 2.31(B).

of damages can be addressed. That issue also is conceptually different from the issue now before this court in the 1984 case, since it does not involve pervasive discrimination in the job referral system of the union.

Because of these key differences in the two cases, the court does not believe that the handling of both cases by this court will be likely to result in a substantial saving of judicial time and effort. In fact, both cases are at such different stages in the litigation process and involve such different factual issues that this court's handling of both cases likely will result in no saving of time or effort at all.

For the same reasons, the court finds that the 1984 case is at a point where designating the 1995 case as related would substantially delay the proceedings in the 1984 case. As the court has noted, all that remains to be decided in the 1984 case is whether Daniels is entitled to supplemental damages because of the union's failure to abide by the letter and spirit of the jury verdict and this court's rulings and judgment against the union. The court is prepared to conduct such proceedings as soon as is practicable for the court and parties. Allowing Daniels to litigate an entirely separate issue in these proceedings undoubtedly would delay them further. This 13–year–old case should be resolved finally and with no more delay.

Finally, the court doubts that both cases are susceptible of disposition in a single proceeding, since they involve factually dissimilar issues and are at different stages in the litigation process.

In sum, Daniels' two cases against the union are not related, and even if they were, they do not meet Local Rule 2.31(B)'s criteria for reassignment based on relatedness. Accordingly, the court denies Daniels' motion for reassignment based on relatedness pursuant to Local Rule 2.31.

### III. *CONCLUSION*

For the foregoing reasons, the court denies plaintiff Frank Daniels' motion for reassignment based on relatedness.